UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID A. DAWSON,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA, COUNTY OF RAMSEY, FRANK W. WOOD & JOAN FABIAN, RAMSEY COUNTY CORRECTIONAL FACILITY (WORKHOUSE) & ITS SUPERINTENDENT, ARTHUR CAVARA, Captain GARY L. PLUMBO, THE DUTY MEDICAL STAFF, and DR. STEWART STEICHEN,<br><br>        Defendants. | Civil File No. 08-3130 (DSD/SRN)<br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 5.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

      Plaintiff commenced this action by filing a self-styled document that the Clerk of Court construed to be a civil complaint. (Docket No. 1.) Plaintiff did not pay the $350 filing fee required by 28 U.S.C. § 1914(a) when he commenced this action, but he instead filed the IFP application that is now before the Court.

Because Plaintiff was in prison when he commenced this action, he was required to tender an initial partial filing fee with his IFP application. (See 28 U.S.C. § 1915(b)(1).) However, Plaintiff failed to pay the required fee. Therefore, the Court entered an order that directed Plaintiff to pay his initial partial fee, (which was calculated to be $17.81), within twenty days. (See Order dated June 27, 2008; [Docket No. 6].) That order expressly advised Plaintiff that if he failed to pay the prescribed fee within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that this case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due, nor has he offered any excuse for his failure to do so. Therefore, in accordance with the Court's prior order in this matter, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 5), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: January 8, 2009

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 23, 2009,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.